*190 OPINION OF THE COURT
Per Curiam.
By decision and order on application of this Court dated October 30, 2015, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated July 15, 2015. That petition contains six charges, which allege, among other things, that the respondent failed to reregister as an attorney with the Office of Court Administration for the 2010-2011, 2012-2013, and 2014-2015 registration periods, and that he failed to cooperate with the Grievance Committee in its investigation of seven complaints, initiated against the respondent by the Grievance Committee after being notified by the Lawyers’ Fund for Client Protection that checks and/or disbursements from the respondent’s escrow accounts were dishonored due to insufficient funds. Further, by the decision and order on application of this Court dated October 30, 2015, the respondent was directed to serve and file an answer to the verified petition dated July 15, 2015, within 20 days after service upon him of the decision and order on application, and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Kenneth A. Davis, as Special Referee, to hear and report.
On November 27, 2015, the Grievance Committee served the Court’s decision and order on application dated October 30, 2015, upon the respondent, and an affidavit of service was duly filed with the Court. To date, the respondent has failed to serve and file an answer to the petition.
By further order dated December 29, 2015, on this Court’s own motion, the matter was reassigned to the Honorable Charles J. Thomas, as Special Referee.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were personally served upon the respondent on January 13, 2016, he has neither opposed the instant motion, nor interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition dated July 15, 2015 are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
*191 Eng, P.J., Dillon, Balkin, Leventhal and Maltese, JJ., concur.
Ordered that the Grievance Committee’s motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald C. Leventhal, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Donald C. Leventhal, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Donald C. Leventhal, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Donald C. Leventhal, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).